UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ERIC J. RUTHERFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-CV-0445-CVE-FHM |
| | ) | |
| REGIONAL HYUNDAI, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Now before the Court is Defendant's Motion to Dismiss (Dkt. # 15). Plaintiff Eric J. Rutherford filed this case alleging that defendant Regional Hyundai, LLC (Hyundai) terminated his employment in retaliation for reporting allegations of sexual harassment made by another Hyundai employee. Defendant asks the Court to dismiss plaintiff's claim under Fed. R. Civ. P. 12(b)(6) and asks the Court to dismiss plaintiff's requests for declaratory and injunctive relief. Plaintiff responds that he has stated a claim for retaliation, but he does not respond to defendant's argument for dismissal of his requests for declaratory or injunctive relief. Dkt. # 16.

**I.**

Rutherford began working for Hyundai on December 11, 2010 as a new car sales associate. Dkt. # 5, at 2. Another employee, Mary Hull, told Rutherford that she was receiving unwanted sexually suggestive text messages and phone calls from Chase Brown. Brown was also a Hyundai employee. Id. at 3. Hull asked Rutherford to intervene on her behalf to ask Brown to stop contacting her, and Rutherford agreed to speak to Brown. Rutherford spoke to Brown and Brown promised to cease contact with Hull. Id. Rutherford alleges that Brown did not stop harassing Hull, and that Rutherford accompanied Hull when she spoke to the regional manager of Hyundai, Will

Reynolds, about Brown's conduct. Rutherford claims that Hyundai took no action against Brown. Id. On or about December 27, 2010, Rutherford asked Reynolds if he could take a few days off work to attend to personal matters, and Reynolds granted Rutherford's request for time off. Id. When Rutherford reported to work on January 3, 2011, he alleges that Brown told him that there was "no position available" for him. Id. Rutherford also claims that Reynolds provided negative information about Rutherford to a lender, and Rutherford's request for a loan was turned down by the lender due to Reynold's statements. Id.

Rutherford filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), and the EEOC sent Rutherford a right-to-sue letter on June 15, 2011. Id. at 8. On July 15, 2011, Rutherford filed this case alleging that Hyundai retaliated against him for reporting unlawful discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII). Rutherford seeks back pay, front pay, compensatory damages, punitive damages, reinstatement, and other injunctive relief.[1] Id. at 5.

**II.**

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its

---

[1] Defendant asks the Court to dismiss plaintiff's request for declaratory relief. Dkt. # 15, at 4. The Court has reviewed plaintiff's amended complaint (Dkt. # 5) and plaintiff states in his introduction and paragraph 19 that he is seeking declaratory relief. He does not specify what declaratory relief he seeks, but the Court assumes that plaintiff requests a declaration that he is entitled to reinstatement.

2

face"and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. Of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

Defendant asserts that plaintiff has not alleged adequate facts to state a retaliation claim under Title VII and that plaintiff has also failed to allege any facts showing that he is entitled to injunctive relief.[2] Plaintiff responds that he has alleged enough facts to state a prima facie case of

---

[2] Defendant's motion clearly shows that defendant believes that plaintiff is seeking injunctive relief under Oklahoma law, rather than under Title VII. Dkt. # 15, at 4; Dkt. # 18, at 1. Defendant also mistakenly states that plaintiff is not seeking reinstatement under Title VII. Dkt. # 18, at 3.

3

retaliation, and he argues that he should be permitted to conduct discovery before the Court considers defendant's request to dismiss his request for injunctive relief.[3]  Dkt. # 16, at 2-4.

Plaintiff asserts that he has alleged the essential elements of a Title VII retaliation claim.  To state a prima facie case of retaliation, a plaintiff must allege that (1) he engaged in protected opposition" to an unlawful employment practice, " (2) he suffered an adverse employment action, and (3) there was a causal connection between the plaintiff's protected opposition and the adverse employment action.  Zokari v. Gates, 561 F.3d 1076, 1081 (2009).  Plaintiff's amended complaint states enough facts to allege each of these elements.  Under 42 U.S.C. § 2000e-3, an employer is prohibited from retaliating against an employee who makes a claim of discrimination or who has "testified, assisted, or participated in any manner" in a investigation or proceeding.  This includes reporting unlawful discrimination directed towards another employee.  See Barker v. Missouri Dep't of Corrections, 513 F.3d 831 (8th Cir. 2008); Schmerr v. United States, 420 F. Supp. 2d 1004, 1016 (S.D. Iowa 2002).  Plaintiff claims that he assisted Hull report Brown's alleged sexual harassment, and this could constitute protected opposition under Title VII.  Plaintiff alleges that his employment was terminated on January 3, 2011, and termination of employment is an adverse employment action.  Finally, plaintiff has alleged enough facts to support an inference that there was a causal connection between his protected opposition and his termination.  Plaintiff alleges that he started working for defendant on December 11, 2010 and assisted Hull in making a claim of discrimination

---

[3]  Plaintiff also argues that defendant's motion to dismiss should be denied, because defendant improperly relies on evidence outside of the pleadings in its motion. Dkt. # 16, at 4-5. There is no evidence attached to defendant's motion and, while it is clear that defendant disagrees with the facts stated in the amended complaint, defendant does not ask the Court to discredit plaintiff's factual allegations.  Thus, there is no need to convert defendant's motion into a motion for summary judgment, and the motion was properly filed as a motion to dismiss under Rule 12(b)(6).

4

at some unspecified date before his termination on January 3, 2011. Temporal proximity between the protected opposition and the adverse employment action can be sufficient to establish a causal connection if the two events occurred "very closely" in time. Piercy v. Maketa, 480 F.3d 1192, 1198 (10th Cir. 2007). In this case, plaintiff's entire employment lasted only 23 days. Even assuming that plaintiff engaged in protected opposition on the first day of his employment, plaintiff could establish a causal connection based on temporal proximity alone. Argo v. Blue Cross Blue Shield of Kansas, Inc.,452 F.3d 1193, 1202 (10th Cir. 2006) ("The close temporal proximity between the complaint and the termination-just 24 days-is sufficient to allow an inference that a causal connection existed between the internal grievance and the decision to terminate."). Plaintiff can state each element of a prima facie case of retaliation, and he should be permitted to conduct discovery in support of his claim.

Defendant also argues that plaintiff has not pled sufficient facts in support of his request for injunctive relief and, as a matter of Oklahoma law, plaintiff has adequate legal remedies and is not entitled to equitable remedies such as injunctive relief. Dkt. # 15, at 4. As an initial matter, the Court notes that plaintiff has asserted a federal claim under a federal statute authorizing a range of remedies, and plaintiff's request for reinstatement or injunctive relief is not governed by Oklahoma law.[4] However, Title VII clearly authorizes the Court to order reinstatement or front pay in lieu of reinstatement, even if the plaintiff fails to demand either remedy in the complaint. Medlock v. Ortho

---

[4] Plaintiff's response suggests that he intends to pursue a wrongful discharge claim under Oklahoma law. Dkt. # 16, at 7 (plaintiff cites Burk v. K-Mart Corp., 770 P.2d 24 (Okla. 1989), and states that he intends to "develop his case and present evidence to the trier of fact for a final resolution with state and Federal law"). Plaintiff has not alleged a state law wrongful termination claim in his amended complaint, and the Court does not need to consider whether plaintiff has a wrongful discharge claim under Oklahoma law.

Biotech, Inc., 164 F.3d 545, 556 n.9 (10th Cir. 1999). In this case, plaintiff requests front pay and reinstatement in his amended complaint, and the Court has determined that plaintiff has stated a retaliation claim under Title VII. It would be premature to prevent plaintiff from seeking particular types of relief, and defendant's motion to dismiss should be denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Dkt. # 15) is **denied**.

**DATED** this 27th day of September, 2011.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT