# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERIC J. RUTHERFORD, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 11-CV-445-CVE-FHM |
| REGIONAL HYUNDAI, LLC, | ) ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff's Motion for Sanctions, [Dkt. 90], is before the undersigned for a Report and Recommendation. Defendant has filed a Response [Dkt. 92] and Plaintiff has filed a Reply [Dkt. 98].

This case has presented a number of case management and discovery issues. The issues included failed efforts to obtain Plaintiff's deposition, failed efforts to obtain documents from Plaintiff, and Plaintiff's efforts to require Defendant's witnesses, who reside in Oklahoma, to appear for deposition in Minnesota. Numerous motions were filed addressing these and other issues.

To get the case on track the undersigned held a status conference and motion hearing on April 13, 2012. The conference was held by telephone to accommodate Plaintiff because he resides in Minnesota. After hearing from the parties, the undersigned ordered Plaintiff to produce his documents by April 30, 2012. Plaintiff was also ordered to appear and to give his deposition at the U.S. Courthouse, 333 W 4th Street, Tulsa, Oklahoma on May 4, 2012, a date selected with Plaintiff's agreement, at 9:30. Defendant was ordered to make its witnesses, whom Plaintiff attempted to require to appear for

deposition in Minnesota, available for deposition in Tulsa. The undersigned asked Defendant to try to accommodate Plaintiff's travel schedule by making the witnesses available when Plaintiff was in Tulsa for his deposition. Defendant was instructed to file a notice with the court informing when the witnesses would be available. These instructions were all memorialized in a written Opinion and Order filed April 13, 2012. [Dkt. 67].

In compliance with the Order, Defendant filed a notice stating Defendant's witnesses would be available for deposition on Sunday, May 6, 2012. [Dkt. 68]. Defendant also asked Plaintiff to inform Defendant of the location for those depositions and to confirm that Plaintiff would proceed with the depositions. *Id*. Plaintiff did not confirm whether he intended to proceed with the depositions, nor did he notify Defendant of the deposition location. Plaintiff did not produce his documents by April 30, 2012 as ordered. Plaintiff did not appear for his deposition on May 4, 2012 as ordered.

Defendant's attorney appeared at the courthouse to take Plaintiff's deposition as scheduled in the April 13, 2012 Order. When Plaintiff failed to appear, the undersigned held a hearing to memorialize Plaintiff's failure to appear and to address whether Defendant's witnesses would be required to be available for deposition on Sunday, May 6, 2012. A minute of the proceeding was entered on the docket at 11:01 a.m. [Dkt. 88]. Plaintiff filed a response to that minute at 12:53 p.m. the same day. [Dkt. 89]. Plaintiff's response stated that he had driven to Oklahoma but could not find the courthouse. On inquiry from the undersigned, the court's computer department reported that Plaintiff's response was filed from the same Internet Protocol (IP) address in Minnesota which was used for all of Plaintiff's other electronic filings in the case.

In his response to the Court's minute [Dkt. 89] and reiterated in his response [Dkt. 92] to the Defendant's Motion for Sanctions, Plaintiff contends he traveled from Minnesota to Tulsa for his deposition and only failed to appear because he could not find the courthouse. Plaintiff offered no explanation for why he did not make arrangements for the depositions of Defendant's witnesses or failed to notify Defendant that he no longer wanted to take those depositions.

The street number for the courthouse and the floor number for the deposition were set forth on the order setting the deposition. [Dkt. 67]. The courthouse is clearly identified on the outside of the building and there are uniformed court security officers at the public entrance. In addition, Plaintiff has personally been in the courthouse for a settlement conference in this case. Plaintiff did not call the Court Clerk's office, the undersigned's chambers, or Defendant's attorney to get directions which would be the usual course of action for one who could not find the location of a deposition. The notice Plaintiff electronically filed with the court at 12:53 pm regarding his failure to appear at 9:30 am on the day set for the deposition was filed from the IP address in Minnesota from which Plaintiff has filed all of his other electronic filings. Further, the undersigned takes notice that Plaintiff's description of the efforts he says he took to locate the courthouse do not reasonably correspond with the layout of downtown Tulsa where the courthouse, post office, Greyhound bus station, and Chamber of Commerce referenced in Plaintiff's filing are situated. [Dkt. 89, 92]. Further, it is not believable that Plaintiff would travel from Minnesota to Tulsa for a deposition and make no attempt to contact anyone connected with the case when the site for the deposition could not be located.

Based on the factors listed above, the undersigned finds that Plaintiff's statements about why he did not appear for his deposition on May 4, 2012, as ordered are not credible. The undersigned concludes that Plaintiff willfully failed to appear for his deposition as required by the April 13, 2012 order.

Fed.R.Civ.P. 37 (b)(2)(A) and (d) permit a court to dismiss an action or proceeding if a party fails to obey an order to provide or permit discovery including appearing for deposition. The Tenth Circuit has set forth factors for courts to consider in this type of situation. *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992). The first factor is the actual prejudice to the Defendant. Here Defendant's time and money has been wasted in preparing for Plaintiff's deposition and in arranging the depositions of Defendant's witnesses. Plaintiff's uncooperativeness has effectively stymied Defendant's efforts to defend the case. The second factor is the amount of interference with the judicial process. Here Plaintiff has failed to obey a court order to give his deposition. Plaintiff has thus obstructed the court's efforts to manage this case. Moreover, Plaintiff has attempted to mislead the court by filing pleadings which contain obvious falsehoods about his attempt to comply with the court's order. The third factor is the culpability of the Plaintiff. In this case Plaintiff is *pro se* and is therefore directly and personally responsible for failing to comply with the Court's order and for the unbelievable information contained in his filings. The fourth factor is whether Plaintiff was warned of the consequences of not complying with the court's order. The April 13, 2012 order contains an explicit warning about the consequences of non-compliance: "Plaintiff is advised that if he fails to appear for his deposition the Court may impose sanctions including dismissal of this case." [Dkt. 67, p. 2].

The *Ehrenhaus* Court also requires the court to consider whether a lesser sanction other than dismissal would be effective. The undersigned has considered this question and concludes that no other sanction would be responsive to Plaintiff's conduct. Furthermore the undersigned concludes that a lesser sanction would not be effective in obtaining Plaintiff's compliance or in getting this case on track to proceed to trial in an orderly manner.

Based on the foregoing, the undersigned therefore recommends that Plaintiff's Motion for Sanctions [Dkt. 90] be GRANTED and that this case be DISMISSED and further that Defendant be awarded attorney fees incurred in attending the May 4, 2012 deposition and attorney fees related to bringing this motion.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before the first day of June, 2012.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real*

*Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 18th day of May, 2012.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE