UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERIC J. RUTHERFORD, | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
| v. | )    Case No. 11-CV-0445-CVE-FHM |
| | ) |
| REGIONAL HYUNDAI, LLC, | ) |
| | ) |
|       **Defendant.** | ) |

# OPINION AND ORDER

On May 18, 2012, Magistrate Judge Frank H. McCarthy entered a report and recommendation (Dkt. # 102) finding that plaintiff violated a court order by failing to appear for his deposition, and recommending that plaintiff's claims be dismissed as a sanction for this and other litigation misconduct. Plaintiff, proceeding pro se, has filed three objections to the report and recommendation. Dkt. ## 103, 106, 108. Defendant has filed a response to the objections. Dkt. # 109.

## I.

On July 15, 2011, plaintiff filed this case alleging that Regional Hyundai, LLC (Regional Hyundai) terminated his employment in retaliation for helping another employee report alleged sexual harassment. Dkt. # 1, at 2-3. Plaintiff was represented by an attorney, John Harker, when he filed this case. Defendant filed a motion to compel plaintiff's attendance at his own deposition and plaintiff's responses to written discovery requests. Dkt. # 24. Plaintiff lives in Minnesota, and he refused to appear for a deposition in Tulsa, Oklahoma. Id. at 1-2. Defendant also argued that plaintiff had failed to respond to requests for production. Id. Harker requested leave to withdraw as plaintiff's counsel, because plaintiff was insisting that plaintiff's counsel engage in conduct that

would violate Fed. R. Civ. P. 11 and/or the Oklahoma Rules of Professional Conduct. Dkt. # 32, at 4. Plaintiff was also sending e-mails to defendant's counsel and disclosing confidential attorney/client communications. Id. at 2-4.

Harker's motion to withdraw was referred to the magistrate judge, and the motion was granted. Plaintiff was given 15 days to find new counsel or notify the Court that he would represent himself. Dkt. # 36. Before plaintiff complied with the magistrate judge's order, he submitted two pro se filings possibly attempting to compel discovery and have defendant's counsel sanctioned. Dkt. # 38. The Court returned the filings to plaintiff and advised him to obtain new counsel or enter a pro se appearance. Plaintiff chose to represent himself, and he filed a pro se appearance (Dkt. # 42). Plaintiff also attempted to file pro se pleadings disclosing matters discussed at a settlement conference and requesting sanctions against Harker. The documents were not filed by the Court Clerk and the Court advised plaintiff that he would be sanctioned if he made any further attempts to file matters concerning the parties' confidential settlement conference. Dkt. # 43.

On March 21, 2012, plaintiff sent defendant's counsel notice that he intended to take the depositions of several Regional Hyundai employees, but the notice of deposition stated that the depositions would take place in Minnesota. Dkt. # 48-2. Defendant filed a motion for protective order from plaintiff's notice to take depositions in Minnesota. Id. Defendant asked that any depositions of Regional Hyundai employees take place in Oklahoma, and it requested that plaintiff be prohibited from issuing any other notices of deposition requiring a witness to travel to Minnesota for a deposition. Defendant also filed a separate motion to quash the notice to take deposition as to employees or former employees of Regional Hyundai that are not currently officers of defendant. Dkt. # 48. The discovery issues were referred to the magistrate judge.

While the parties were litigating plaintiff's right to depose witnesses in Minnesota, he twice failed to appear for his own deposition in Oklahoma. Defense counsel attempted to contact plaintiff during the second noticed deposition, and plaintiff hung up the phone when defense counsel identified herself on the phone. Dkt. # 48-1, at 1. Plaintiff also refused to produce documents identified in his initial disclosures and other documents requested by defendant. Dkt. # 57. Plaintiff filed a motion to sanction defendant for allegedly cancelling his deposition, and he stated that he was prepared to appear in Oklahoma for a deposition. Dkt. # 52. He also filed another notice to take the deposition of Regional Hyundai employees in Minnesota. Dkt. # 50. The magistrate judge held a telephonic hearing on April 13, 2012, and plaintiff participated in the hearing. Dkt. # 66. The magistrate judge granted defendant's motion to compel production of documents, and advised plaintiff that he would be precluded from using any documents not produced to defendant in discovery. Dkt. # 67, at 1. Plaintiff was also ordered to appear in Tulsa for a deposition on May 4, 2012, and the deposition was to be held in the magistrate judge's conference room. Id. The magistrate judge advised plaintiff that "if he fails to appear for his deposition the Court may impose sanctions including the dismissal of this case." Id. at 2. Plaintiff was prohibited from deposing any witness in Minnesota and his numerous requests for sanctions were denied, but the magistrate judge did grant plaintiff's request to submit documents through the Court's electronic filing system. Id.

Plaintiff did not produce the documents ordered to be produced, and defendant requested sanctions under Fed. R. Civ. P. 37. Dkt. # 81. Plaintiff also failed to appear for his deposition on May 4, 2012. Dkt. # 88. At 12:53 p.m. on May 4, 2012, plaintiff filed a "response" to the magistrate judge's minute noting plaintiff's failure to appear for deposition, and he claimed that he was in Tulsa. Dkt. # 89. Plaintiff stated that he drove to Tulsa on May 3, 2012 and, on May 4,

2012, he "entered what appeared to be a post office." Id. at 1. He claims that a postal employee told him that he was at the wrong address, and that he walked across the street to pick up a pamphlet at a Greyhound bus station to prove that he was in Oklahoma. Id. at 1-2. However, plaintiff's "response" was filed from an IP address located in Minnesota, and it is the same IP address from which all of plaintiff's other electronic filings were sent. Dkt. # 102, at 3. Defendant filed a motion to sanction plaintiff for his failure to appear for deposition. Dkt. # 90. Defendant argues that dismissal is the appropriate sanction due to plaintiff's violation of a court order and his disruptive litigation conduct. Plaintiff filed a response to defendant's motion for sanctions, and argued that he did travel to Tulsa for his deposition. Dkt. # 92. However, he makes no attempt to explain how his response (Dkt. # 89) was filed from a computer located in Minnesota.

Defendant's sanctions motion (Dkt. # 90) was referred to the magistrate judge for a report and recommendation, and the magistrate judge recommended that plaintiff's claims be dismissed and that plaintiff be ordered to pay defendant's attorney's fees for appearing for plaintiff's deposition and related to the motion for sanctions. Dkt. # 102. The magistrate judge found that plaintiff's assertion that he traveled to Oklahoma but could not find the courthouse lacked credibility. The magistrate judge noted that plaintiff had been to a settlement conference at the courthouse, knew where the building was located, and made no attempt to notify the magistrate judge or defense counsel on the morning of May 4, 2012 that he was having difficulty finding the courthouse. Id. at 3. Plaintiff's conduct has prevented defendant from discovering information about plaintiff's claims, and defendant has been prevented from preparing a meaningful defense. Id. at 4. Plaintiff has also engaged in disruptive litigation conduct causing defendant to spend additional time and money on this case, and the magistrate judge found that plaintiff's interference

4

with the judicial process further justifies dismissal of his claims. Plaintiff has filed three objections to the report and recommendation. Dkt. ## 103, 106, 108.

## II.

Without consent of the parties, the Court may refer any matter dispositive of a claim to a magistrate judge for a report and recommendation. However, the parties may object to the magistrate judge's recommendation within 14 days of service of the recommendation. Schrader v. Fred A. Ray, M.D., P.C., 296 F.3d 968, 975 (10th Cir. 2002); Vega v. Suthers, 195 F.3d 573, 579 (10th Cir. 1999). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the report and recommendation of the magistrate judge in whole or in part, or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

## III.

Defendant seeks dismissal of plaintiff's claims as a sanction for his repeated failure to comply with discovery orders, including plaintiff's failure to appear for deposition on May 4, 2012. Under Rule 37(b)(2), a court may sanction a party for violating a discovery order, and dismissal of a plaintiff's claims is permissible sanction. The Tenth Circuit has provided five factors that should be considered before a court may dismiss a plaintiff's claims in whole or in part:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992). Dismissal is a harsh sanction for a discovery violation, and "due process requires that the discovery violation be predicated upon 'willfulness, bad faith, or [some] fault of petitioner' rather than inability to comply." Archibeque v. Atchison, Topeka and Santa Fe Ry. Co., 70 F.3d 1172, 1174 (10th Cir. 1995). "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." Ehrenhaus, 965 F.2d at 921 (quoting Meade v. Grubbs, 841 F.2d 1512, 1521 n.7 (10th Cir. 1988)).

The magistrate judge found that each of the Ehrenhaus factors supported dismissal of plaintiff's claims, but plaintiff has objected to the magistrate judge's report and recommendation. The Court will review de novo defendant's request for dismissal of plaintiff's claims, without deference to the report and recommendation. The first Ehrenhaus factor is the prejudice to defendant caused by plaintiff's violation of a discovery order. Plaintiff failed to appear for his deposition on three different occasions. The first time plaintiff cancelled his deposition while defendant's counsel was driving to Tulsa from Oklahoma City, Oklahoma. Dkt. # 57, at 1. Plaintiff simply failed to appear the second time he was noticed for deposition. Dkt. # 48-1, at 1. On that occasion, he went so far as to refuse to talk to defense counsel and to hang up the phone when defense counsel tried to inquire as to his failure to appear for deposition. Dkt. # 57, at 3. Due to plaintiff's refusal to voluntarily appear for deposition, the magistrate judge ordered plaintiff to appear for a deposition at the courthouse, and plaintiff directly violated a court order by refusing to appear for deposition. Plaintiff's conduct has caused defendant to waste time and resources in its

attempts to take his deposition. However, this harm is minimal compared to plaintiff's outright interference with defendant's ability to prepare a defense to his claims. Plaintiff has refused to produce documents or be deposed, in violation of court orders. The Court finds that defendant has been substantially prejudiced by plaintiff's failure to appear for deposition and his general refusal to participate in pretrial discovery.

The second Ehrenhaus factor (interference with the judicial process) supports the imposition of a substantial sanction because plaintiff's conduct has essentially prevented defendant from preparing a defense and has wasted the Court's limited time and resources. Plaintiff has refused to participate in pretrial discovery and defendant is unable to determine what facts, if any, plaintiff intends to rely on to support his claims. Defendant has sought the Court's assistance to compel production of documents and attendance at deposition, and plaintiff has disregarded court orders. As to plaintiff's failure to appear for deposition, he not only failed to appear before the magistrate judge, but he also submitted a document falsely representing that he traveled to Tulsa for his deposition. The document (Dkt. # 89) was filed from an IP address in Minnesota, and plaintiff has made no attempt to explain how he could have filed this document from a location in Tulsa. It is reasonable to infer from plaintiff's repeated violations of court orders that he is engaged in this conduct simply to harass defendant. He has also taken no meaningful steps to prosecute his claims against defendant, and the case is basically at a standstill due to plaintiff's failure to participate in discovery. The Court finds that plaintiff has substantially interfered with the judicial process.

The third, fourth, and fifth Ehrenhaus factors also support defendant's request for dismissal of plaintiff's claims. As to the third factor, the litigant is the plaintiff and he is proceeding pro se, and he cannot fault his attorney for any abuse of the judicial process. Plaintiff is clearly culpable

7

for his own conduct. The Court is cognizant that pro se litigants should be afforded some leeway for actions caused by an unfamiliarity with the legal system. See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center, 492 F.3d 1158, 1163 (10th Cir. 2007) (district court should provide notice of what is expected and an opportunity to correct deficiencies before dismissing a pro se plaintiff's claims with prejudice). Plaintiff was given notice that he was required to comply with defendant's discovery requests and appear for deposition, and he willfully violated the discovery orders. The magistrate judge warned plaintiff that failure to appear for deposition on May 4, 2012 could result in sanctions, including dismissal of plaintiff's claims, The fourth Ehrenhaus factor is satisfied. Dkt. # 67, at 2. The Court has considered whether a lesser sanction would be sufficient to mitigate any prejudice suffered by defendant and to ensure plaintiff's compliance with discovery orders. However, plaintiff's conduct provides no basis to believe that he will comply with any orders or stop his abusive litigation conduct. Even after the magistrate judge entered his report and recommendation, plaintiff has continued to file pleadings refusing to acknowledge his culpability for the delay of these proceedings and plainly stating that he will not provide discovery to defendant. Dkt. ## 103, 106, 108, 111. The Court finds that no sanction other than dismissal would be sufficient to prevent further abuse of the judicial process by plaintiff. Thus, the Court finds that dismissal of plaintiff's claims is the appropriate sanction under Rule 37.

Defendant has also requested attorney fees for attending the May 4, 2012 deposition and for filing its motion for sanctions. However, defendant has provided no evidence to support a reasonable attorney fee, and the Court has already found that plaintiff's claims should be dismissed. Dismissal by itself is a harsh sanction and there is no need for any further sanction. The Court declines to award defendant attorney fees at this time, but plaintiff is advised that he will be

8

responsible for defendant's attorney fees if he submits any future filings for the purpose of harassing defendant.

**IT IS THEREFORE ORDERED** that the report and recommendation (Dkt. # 102) is **accepted in part** and **rejected in part,** and Defendant Regional Hyundai, LLC's Motion for Sanctions in the Form of a Dismissal and the Award of Attorney's Fees and Costs and Brief in Support (Dkt. # 90) is **granted in part** and **denied in part** as follows: plaintiff claims are **dismissed with prejudice** under Rule 37(b)(2), but the Court denies an award of attorney fees to defendant. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's privilege to file documents with the CM/ECF electronic document filing system is **withdrawn**.

**DATED** this 18th day of June, 2012.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE